## COLONIAL FINANCE CO v WINKHART

Ohio Appeals, 5th Dist, Stark Co

No. 1027. Decided October 17, 1929

Messrs. Hart & Drukenbrod, Canton, for Finance Co.

Messrs. Amerman & Mills, Canton, for Winkhart.

HOUCK, J.

The evidence discloses that after the Finance Company had repossessed itself of the automobile from Winkhart, that it entered into a new and supplemental agreement with him, with reference to the unpaid payments under the chattel mortgage. That Winkhart had paid all of the back payments, except possibly half of one payment, and that the Finance Company had agreed not to sell or dispose of said car until the 5th day of May, following this agreement. The record fairly discloses that it did dispose of this car on the 2nd of May, but that it did not file the bill of sale to the purchaser until the 7th of May. That the Finance Company refused to and declined to give information to Winkhart as to whom the car had been sold or the price received for it. Winkhart, by agreement with the Finance Company had arranged to pay off the entire indebtedness and mortgage lien on the car to the Finance Company on the 5th of May following the verbal agreement heretofore referred to between the parties hereto.

The record discloses that the 5th came on Saturday and that the bank was closed and Winkhart could not obtain the money. That on Monday following this particular Saturday, he made a tender and offered to carry out his promise and agreement

to liquidate the entire indebtedness and re-possess his car, as per the verbal agreement. That at that time, the Finance Company informed him that it had sold the car, and that it could not and would not carry out its agreement.

Under the undisputed and conceded facts in this case, we hold that a new contract had been entered into between the parties and that by reason thereof, the Finance Company did not sell, in law, under its reputed chattel mortgage, the car in question by reason of the fact that at that time it held and possessed said car under and by reason of the verbal agreement entered into between the parties hereto, as hereinbefore referred to, which verbal agreement abrogated and set aside any and all rights the Finance Company had under and by virtue of its chattel mortgage.

The Court further find under the facts before us, that the Finance Company was guilty in fact and law of an unlawful conversion of said automobile.

See: **Railroad Co. v. O'Donnell, 49 OS. 489.**

**Great American Mutual Indemnity Co. v. Myer 18 O. A. 97.**

We cannot escape the fact that the conduct and acts of the Finance Company in withholding knowledge from Winkhart as to the alleged sale of the car, the amount received, etc. is not of a commendable character.

Keeping in mind that the car was re-possessed, and that a new agreement was entered into thereafter between the parties, therefore the car must be sold fairly and openly in good faith, notwithstanding the provision in the chattel mortgage, permitting it to be sold at public or private sale without notice and that such mortgagee may become a purchaser at such sale.

As already stated, we find that the provisions of the chattel mortgage have no effect in law as between the parties hereto by reason of the fact that after the Finance Company re-possessed the car, a new agreement was entered into which abrogated and set aside all the rights of the Finance Company under and by virtue of the chattel mortgage.

After all of the testimony was in, the plaintiff below by leave of Court amended his petition in order to conform to the facts. We find no prejudicial error in this respect. This amendment was made by order of Court in the interest of justice to all parties.

In oral argument it was claimed that the trial Judge committed error in his charge as to the measure of damages. The trial Judge in charging the jury upon this question, said:

"The measure of damages, if you find the issues joined in favor of the plaintiff on that proposition, would be the reasonable market value of the automobile at the time it was re-possessed or taken possession of by the defendant in this case, less the amount of money the plaintiff still owed to the defendant."

In the light of the facts now under review, we are unable to find that this charge is prejudicial or by reason thereof, that the Finance Company has any ground for complaint.

The verdict was and is responsive to the evidence offered. There was proof that the value of the car was $1200.00, and we do not find that the verdict is excessive.

**McHugh v. State, 42 OS. 154.**

Under the rule of substantial justice and in view of the rules of law herein laid down and the authorities cited, we are of the unanimous opinion that the judgment entered in the lower court, is sound in fact and law and no reversible error appearing in the record, this Court must and now does affirm the judgment of the Common Pleas Court.

Lemert, J, and Sherick, J, concur.